UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AHMAD RAMADAN SELEEM ATIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | CASE NO. C14-1966JLR<br><br>ORDER DISMISSING COMPLAINT |

## I.   INTRODUCTION

Before the court is Defendant United States' motion to dismiss Plaintiff Ahmad Ramadan Seleem Atia's ("Mr. Atia") complaint. (Mot. (Dkt. # 5).)  The court has considered the motion, the balance of the record, and the applicable law.  Considering itself fully advised, the court grants the motion and dismisses Mr. Atia's complaint without leave to amend and without prejudice.

//

ORDER- 1

## II. BACKGROUND

On August 26, 2014, Mr. Atia filed a "Small Claims – Notice of Claim" in Snohomish County District Court against the Lynnwood Post Office and Postmaster James A. Sutliff claiming that he was owed "$736.75 + Costs" for "Mobile Phone + Postage." (Small Claim (Dkt # 1-2).) The action was removed to federal court and, pursuant to 28 U.S.C. § 2679(d)(1), the United States was substituted as the party defendant. (*See* Not. of Rem. (Dkt. # 1); Not. of Substitution (Dkt. # 2).) The United States moved to dismiss the action for lack of subject matter jurisdiction. (Mot. (Dkt. # 5).) Mr. Atia did not file a response. (*See generally* Dkt.) That motion is now before the court.

## III. ANALYSIS

### A. Postal Service Exception

The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity that permits claims to be brought against the United States for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Certain types of claims, however, are expressly exempted from the FTCA's scope. *See* 28 U.S.C. § 2680; *Molzof v. United States*, 502 U.S. 301, 311 (1992) ("Through the § 2680 exceptions, Congress has taken steps to protect the Government from liability that would seriously handicap efficient government operations."). The postal service exception provides that the FTCA's waiver of sovereign immunity does not extend to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see Anderson*

*v. U.S. Postal Serv.*, 761 F.2d 527, 528 (9th Cir. 1985) (applying 28 U.S.C. § 2680(b) to hold that the petitioner's "tort claim against the Postal Service for loss of his package . . . was barred by sovereign immunity").

Construed liberally, Mr. Atia's allegations appear to seek damages related to the loss or damage of a mailed package that contained a mobile phone. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions . . . ."). As such, his claim falls squarely within the postal service exception to the FTCA. *See* 28 U.S.C. § 2680(b); *Anderson*, 761 F.2d at 528. Because the United States has not waived sovereign immunity with respect to Mr. Atia's claim, his claim must be dismissed for lack of subject matter jurisdiction. *See Anderson*, 761 F.2d at 528.

**B.      Failure to Exhaust Administrative Remedies**

Additionally, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Specifically, the FTCA provides: "An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ." 28 U.S.C. § 2675(a). "The requirement of an administrative claim is jurisdictional." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). "Because the requirement is jurisdictional, it must be strictly adhered to." *Id.* "This is particularly so since the FTCA waives sovereign immunity." *Id.*

ORDER- 3

Mr. Atia has not filed an administrative claim with the Postal Service seeking recovery of his package. (*See* Arstad Decl. (Dkt. # 6) ¶¶ 3-4.) As such, he has failed to exhaust his administrative remedies. *See* 28 U.S.C. § 2675(a). For this reason also, Mr. Atia's claim must be dismissed for lack of subject matter jurisdiction. *See Brady*, 211 F.3d at 502.

**C.  Leave to Amend**

"In general, a court should liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see* Fed. R. Civ. P. 15(a). Dismissal without leave to amend is proper, however, if any amendment would be futile. *Id.* ("[D]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.").

Here, it is clear that Mr. Atia's complaint cannot be saved by any amendment. As discussed above, Mr. Atia's claim against the United States to recover damages for a package lost in the mail is barred by sovereign immunity. *See* 28 U.S.C. § 2680(b); *see Anderson*, 761 F.2d at 528. Therefore, the court dismisses Mr. Atia's action without leave to amend.

//

//

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the United States' motion to dismiss (Dkt. # 5) and DISMISSES Mr. Atia's complaint without leave to amend and without prejudice.

Dated this 17th day of March, 2015.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 5